1 | David J. Kaminski (SBN: 128509)
KaminskiD@cmtlaw.com
2 | Keith A. Yeomans (SBN: 245600)
YeomansK@cmtlaw.com
3 | **CARLSON & MESSER LLP**
5959 West Century Blvd., Suite 1214
4 | Los Angeles, California 90045
t: (310) 242-2200
5 | f: (310) 242-2222

6 | Attorneys for Defendant
Vital Recovery Services, Inc.
7

8
### UNITED STATES DISTRICT COURT
9
### CENTRAL DISTRICT OF CALIFORNIA
10

11

12 | SHARON KRUSCHEN, an individual,    Case no. 2:13-cv-01811-SS

13 |                Plaintiff,    **ANSWER**

14 |   vs.

15 |                                 Jury Trial Demanded
VITAL RECOVERY SERVICES,
16 | INC., a Georgia corporation,

17 |                Defendant.

18

19       Defendant Vital Recovery Services, Inc. hereby answers the Complaint of
20 Plaintiff Sharon Kruschen as follows:
21       1.    Defendant admits the allegations in paragraph 1 of Plaintiff's Complaint.
22       2.    Defendant admits the allegations in paragraph 2 of Plaintiff's Complaint.
23       3.    Defendant admits the allegations in paragraph 3 of Plaintiff's Complaint.
24       4.    Defendant admits the allegations in paragraph 4 of Plaintiff's Complaint.
25       5.    Defendant admits the allegations in paragraph 5 of Plaintiff's Complaint.
26       6.    Defendant presently lacks information sufficient to either admit or deny the
27 allegations in paragraph 6 of Plaintiff's Complaint and on this basis, denies same.
28

7. Defendant denies the allegations in paragraph 7 of Plaintiff's Complaint.

8. Defendant presently lacks information sufficient to either admit or deny the allegations in paragraph 8 of Plaintiff's Complaint and on this basis, denies same.

9. Defendant presently lacks information sufficient to either admit or deny the allegations in paragraph 9 of Plaintiff's Complaint and on this basis, denies same.

10. Defendant presently lacks information sufficient to either admit or deny the allegations in paragraph 10 of Plaintiff's Complaint and on this basis, denies same.

11. Defendant presently lacks information sufficient to either admit or deny the allegations in paragraph 11 of Plaintiff's Complaint and on this basis, denies same.

12. Defendant admits the allegations in paragraph 12 of Plaintiff's Complaint.

13. Paragraph 13 of Plaintiff's Complaint is unintelligibly vague and ambiguous inasmuch as Defendant cannot reasonably determine how to respond. Defendant generally objects to Plaintiff's blanket conclusion that unspecified individuals' acts or omissions are somehow attributed to Defendant and on this basis, denies same.

14. Defendant presently lacks information sufficient to either admit or deny the allegations in paragraph 14 of Plaintiff's Complaint and on this basis, denies same

15. Defendant presently lacks information sufficient to either admit or deny the allegations in paragraph 15 of Plaintiff's Complaint and on this basis, denies same.

16. Defendant presently lacks information sufficient to either admit or deny the allegations in paragraph 16 of Plaintiff's Complaint and on this basis, denies same.

17. Defendant presently lacks information sufficient to either admit or deny the allegations in paragraph 17 of Plaintiff's Complaint and on this basis, denies same.

18. Defendant presently lacks information sufficient to either admit or deny the allegations in paragraph 18 of Plaintiff's Complaint and on this basis, denies same.

19. Defendant presently lacks information sufficient to either admit or deny the allegations in paragraph 19 of Plaintiff's Complaint and on this basis, denies same.

20. Defendant presently lacks information sufficient to either admit or deny the allegations in paragraph 20 of Plaintiff's Complaint and on this basis, denies same.

21. Defendant presently lacks information sufficient to either admit or deny the allegations in paragraph 21 of Plaintiff's Complaint and on this basis, denies same.

22. Defendant presently lacks information sufficient to either admit or deny the allegations in paragraph 22 of Plaintiff's Complaint and on this basis, denies same.

23. Defendant presently lacks information sufficient to either admit or deny the allegations in paragraph 23 of Plaintiff's Complaint and on this basis, denies same.

24. Defendant presently lacks information sufficient to either admit or deny the allegations in paragraph 24 of Plaintiff's Complaint and on this basis, denies same.

25. Defendant presently lacks information sufficient to either admit or deny the allegations in paragraph 25 of Plaintiff's Complaint and on this basis, denies same.

26. Defendant presently lacks information sufficient to either admit or deny the allegations in paragraph 26 of Plaintiff's Complaint and on this basis, denies same.

27. In response to the allegations set forth in paragraph 27 of Plaintiff's Complaint, Defendant incorporates its prior responses as though fully set forth herein.

28. Paragraph 28 of Plaintiff's Complaint sets forth no factual allegations and calls for a legal conclusion to which no response is required and on this basis, Defendant denies same.

29. Defendant presently lacks information sufficient to either admit or deny the allegations in paragraph 29 of Plaintiff's Complaint and on this basis, denies same.

30. Defendant presently lacks information sufficient to either admit or deny the allegations in paragraph 30 of Plaintiff's Complaint, including all of its sub-paragraphs, and on this basis, denies same.

31. Defendant presently lacks information sufficient to either admit or deny the allegations in paragraph 31 of Plaintiff's Complaint and on this basis, denies same.

32. Defendant presently lacks information sufficient to either admit or deny the allegations in paragraph 32 of Plaintiff's Complaint and on this basis, denies same.

33. In response to the allegations set forth in paragraph 33 of Plaintiff's Complaint, Defendant incorporates its prior responses as though fully set forth herein.

34. Paragraph 34 of Plaintiff's Complaint sets forth no factual allegations and calls for a legal conclusion to which no response is required and on this basis, Defendant denies same.

35. Paragraph 35 of Plaintiff's Complaint sets forth no factual allegations and calls for a legal conclusion to which no response is required and on this basis, Defendant denies same.

36. Paragraph 36 of Plaintiff's Complaint sets forth no factual allegations and calls for a legal conclusion to which no response is required and on this basis, Defendant denies same.

37. Defendant presently lacks information sufficient to either admit or deny the allegations in paragraph 37 of Plaintiff's Complaint and on this basis, denies same.

38. Defendant denies each and every other allegation in Plaintiff's Complaint.

39. Defendant further denies that Plaintiff is entitled to any of the relief sought in Plaintiff's complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1. Plaintiff's Complaint, and all allegations contained therein, or portions thereof, fail to state a cause of action or claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2. Plaintiff's Complaint, and all allegations contained therein, or portions thereof, are barred by the applicable statutes of limitations.

\\\

## THIRD AFFIRMATIVE DEFENSE
### (Consent)

3. Plaintiff consented to all of the acts or omissions of Defendant alleged in Plaintiff's Complaint.

## FOURTH AFFIRMATIVE DEFENSE
### (Privilege)

4. Defendant's conduct, communications, disclosures and actions were privileged.

## FIFTH AFFIRMATIVE DEFENSE
### (Bad Faith)

5. Plaintiff has brought this action against Defendant in bad faith, and Defendant is therefore entitled to recover its reasonable expenses incurred herein, including attorneys' fees and litigation costs

## SIXTH AFFIRMATIVE DEFENSE
### (Uncertainty)

6. Plaintiff's Complaint, and all allegations contained therein, or portions thereof, are uncertain.

## SEVENTH AFFIRMATIVE DEFENSE
### (Plaintiff's Own Conduct)

7. Plaintiff's claims are barred, in whole or in part, and/or Plaintiff's recovery is limited, in whole or in part, by Plaintiff's own conduct, including but not limited to any intentional and/or negligent actions or omissions.

## EIGHTH AFFIRMATIVE DEFENSE
### (Third Party Conduct)

8. Plaintiff's claims are barred, in whole or in part, and/or Plaintiff's recovery is limited, in whole or in part, by the conduct of one or more third parties, including but not limited to any intentional and/or negligent actions or omissions.

## NINTH AFFIRMATIVE DEFENSE
## (Arbitration)

9. Defendant reserves its right to compel arbitration.

## TENTH AFFIRMATIVE DEFENSE
## (Failure to Mitigate Damages)

10. Plaintiff has failed to mitigate any claimed damages.

## ELEVENTH AFFIRMATIVE DEFENSE
## (Reliance On Information From The Assignor/Creditor)

11. Plaintiff's causes of action are barred because Defendant was allowed to reasonably rely upon information supplied to it by the original creditor.

## TWELFTH AFFIRMATIVE DEFENSE
## (Damages Not Specific)

12. Plaintiff's Complaint fails to state a cause of action against Defendant because it does not plead special damages with sufficient particularity.

## THIRTEENTH AFFIRMATIVE DEFENSE
## (Bona Fide Error)

13. Any statutory violation was not intentional, and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adopted to avoid any such error.

## FOURTEENTH AFFIRMATIVE DEFENSE
## (Lack of Standing)

14. Plaintiff lacks standing to commence and proceed with this lawsuit.

## FIFTEENTH AFFIRMATIVE DEFENSE
## (Reservation of Rights)

15. Defendant reserves the right to amend, add or supplement these affirmative defenses during the course of this litigation.

\\\

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Offset)

16. Any damages that Plaintiff may recover against Defendant in this Action must be offset against all amounts owed by Plaintiff to Defendant.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Statutory Damage Limitations)

17. Plaintiff's damages are expressly limited by statute, including but not limited to 15 U.S.C. §§ 1692k(a)(1), 1692k(a)(2)(A), 1692k(a)(3), and 1692k(b)(1) as well as Cal. Civil Code § 1788.30.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (First Amendment)

18. Defendant's communications are privileged and protected by the guarantees of the First Amendment.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant prays that Plaintiff's Complaint be dismissed with prejudice, for attorneys' fees and costs incurred herein, and for such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

**PLEASE TAKE NOTICE** that Defendant demands a jury trial in this case.

Dated: April 29, 2013          **Carlson & Messer LLP**

By:  /s/ Keith A. Yeomans
     Keith A. Yeomans

Attorneys for Defendant
Vital Recovery Services, Inc.