Jeanne L. Zimmer (SBN: 123321)
ZimmerJ@cmtlaw.com
Keith A. Yeomans (SBN: 245600)
YeomansK@cmtlaw.com
**CARLSON & MESSER LLP**
5959 West Century Blvd., Suite 1214
Los Angeles, California 90045
t: (310) 242-2200
f: (310) 242-2222

Attorneys for Defendant
Vital Recovery Services, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON KRUSCHEN, an individual,<br><br>        Plaintiff,<br><br>    vs.<br><br>VITAL RECOVERY SERVICES, INC., a Georgia corporation,<br><br>        Defendant. | Case No. 2:13-cv-01811-JEM<br><br>**JOINT FRCP 26(f) REPORT**<br><br>Complaint filed: March 13, 2013 |

**TO THE COURT, PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 26-1, and Court Order dated May 21, 2013, Plaintiff Sharon Kruschen and Defendant Vital Recovery Servcies, Inc. hereby submit this Rule 26(f) Report.

\\\

\\\

\\\

\\\

\\\

---

1

07481.00/196998

JOINT FRCP 26(f) REPORT
2:13-cv-01811-JEM

**A.  DISCOVERY PLAN (FRCP 26(f)(3)(A)):**

    **1.  What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made?**

No changes are necessary in the form or requirement for initial disclosures under Rule 26(a). The parties propose that initial disclosures be made within two weeks of the scheduling conference.

    **2.  Subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

Discovery should be limited to the claims and defenses set forth in the pleadings. Specifically, Plaintiff alleges that multiple phone calls were made to a third party and Vital Recovery Services failed to disclose that it was confirming or correcting location information for Plaintiff, disclosed the existence of a debt to the third party, and had more than one communication with the third party. Plaintiff alleges calls were made on August 17, 2012, August 20, 2012, August 21, 2012, August 22, 2012, August 23, 2012, August 24, 2012, and August 27, 2012. Plaintiff assert claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p and Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code §§ 1788-1788.33.

    **3.  Issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

There are no known issues concerning the discovery of electronically stored information.

\\\
\\\
\\\

4.  **Issues about claims of privilege or of protection as trial-preparation materials, including--if the parties agree on a procedure to assert these claims after production--whether to ask the court to include their agreement in an order.**

Discovery of trial preparation materials is not expected although the parties reserve their right to object to the discovery of any such materials to the extent such information that is private, confidential, privileged or protected from disclosure by any constitutional, statutory, or common law privilege, protection, or limitation, including but not limited to attorney-client privilege and attorney work product privilege.

5.  **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed?**

There is no need to change any of the discovery limitations imposed by the Federal Rules of Civil Procedure and Local Rules although the parties reserve their right to seek such relief from the Court as may become helpful, reasonable, or necessary to these proceedings. The parties further stipulate to provide each other with 'soft' copies of any discovery served in this action upon request.

6.  **Other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

The parties propose that the Court issue an order in accordance with the dates and deadlines set forth below:

9/30/13 - Last day to amend pleadings or add parties

12/30/13 - Expert disclosures

1/27/14 - Rebuttal expert disclosures

3/10/14 - Non-expert discovery cutoff

3/24/14 - Expert discovery cutoff

6/2/14 - Motion cutoff, except Motions in Limine

7/8/14 - Final Pre-Trial Conference; Hearing on Motions in Limine;

1  7/29/14 - Trial

**B.   ADDITIONAL ISSUES (LR 26-1):**

**1.   The complexity of the case, and whether all or part of the procedures of the Manual For Complex Litigation (current edition) should be utilized. Counsel may propose to the Court modifications of the procedures in the Manual to facilitate the management of a particular action.**

This case is not complex and the Manual for Complex Litigation is unnecessary for the resolution of the case nor are any modified procedures necessary at this time.

**2.   The dispositive or partially dispositive motions which are likely to be made, and a cutoff date by which all such motions shall be made.**

Defendant anticipates filing a Motion for Summary Judgment after completion of discovery.

**3.   ADR Selection.**

The parties select Settlement Procedure no. 2 pursuant to Local Rule 16-15.4—appearance before a neutral selected from the Court's Mediation Panel.

**4.   Trial Estimate.**

Defendant estimates a 3 day jury trial; Plaintiff estimates a 1-2 day jury trial.

**5.   Additional Parties.**

The parties do not anticipate the appearance of additional parties.

**6.   The proposed timing of disclosures under F.R.Civ.P. 26(a)(2).**

12/30/13

\\\
\\\
\\\
\\\
\\\
\\\

Dated: August 19, 2013        **Carlson & Messer LLP**

By:    /s/ Keith A. Yeomans

Keith A. Yeomans
Jeanne L. Zimmer

Attorneys for Defendant
Vital Recovery Services, Inc.

Dated: August 19, 2013        **Law Offices of Eric Ridley**

By:    /s/ Eric Ridley

Eric Ridley

Attorneys for Plaintiff
Sharon Kruschen